Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jamil Barron, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| Mimosa House, LLC and Clark Branscum, | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff Jamil Barron ("Plaintiff") alleges the following:

## INTRODUCTION

1.      Plaintiff brings this action against Defendants Mimosa House, LLC and Clark Branscum ("Defendants"), for unlawfully discriminating against Plaintiff because of his disability at 5641 J Street in Sacramento, California ("Property") where the business Mimosa House ("Mimosa House") is located.

2.      Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California statutes.

## PARTIES

3.      Plaintiff is a natural person and an adult resident of Elk Grove, Sacramento County, California. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4.      Defendant Mimosa House, LLC is a California limited liability company with its principal place of business in Rancho Cordova, California.

5. Defendant Mimosa House, LLC owns and/or operates the Mimosa House at the Property.

6. Clark Branscum is a natural person believed to be a resident of California.

7. Defendant Clark Branscum owns and/or operates the Property

## JURISDICTION

8. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

9. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

10. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property is in this district and that Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

11. Plaintiff is disabled. Specifically, Plaintiff suffers from quadriplegia.

12. Plaintiff requires a wheelchair to facilitate his mobility.

13. Plaintiff's symptoms limit, some substantially, his major life activities.

14. A person with quadriplegia who uses a wheelchair can experience significant limitations in their major life activities. Because quadriplegia affects the muscles in the arms, legs, and torso, it can be difficult, if even possible, for a disabled person to move or support themselves without assistance.

15. Using a wheelchair can make it difficult for a person to move around and access different parts of public facilities, which can limit their ability to participate in social activities or pursue their interests. In general, quadriplegia and the use of a wheelchair can significantly impact a person's independence and ability to engage in the activities that are important to them.

16. In December of 2022 and January of 2023, Plaintiff visited the Mimosa House located at 5641 J Street in Sacramento, California to dine.

17. Unfortunately, the Property at which the Mimosa House is located lacks accessible

parking, paths of travel, and restrooms. The lack of accessible features at the Mimosa House is particularly egregious.

18.     There are no accessible parking spaces whatsoever and the path of travel from the parking lot to the restaurant is not accessible.

19.     Accessible parking spaces are important for individuals with disabilities as they provide them with convenient and safe access to buildings and other facilities. Without accessible parking spaces, individuals with disabilities may have difficulty accessing buildings and may be at risk of injury or other harm while trying to do so.

20.     It is important for a restaurant to have an accessible path of travel from the parking lot because it allows individuals with disabilities to access the restaurant safely and comfortably. An accessible path of travel from the parking lot includes features such as ramps, curb cuts, and wide aisles that make it possible for people using wheelchairs or other mobility devices to get from the parking lot to the entrance of the restaurant.

21.     Without an accessible path of travel from the parking lot, individuals with disabilities may have difficulty accessing the restaurant, which can make it difficult or impossible for them to enjoy the restaurant. Additionally, an inaccessible path of travel can also be a safety hazard, as it may be difficult for individuals with disabilities to navigate the area, which increases the risk of accidents or injury.

22.     Inside Mimosa House, things get worse. The interior spaces of the restaurant are too tight for Plaintiff to maneuver in his wheelchair.

23.     It is important for a restaurant to have enough space for a person to maneuver a wheelchair because it allows individuals with disabilities to move around the restaurant safely and comfortably. This includes having enough room for them to turn around, navigate through doorways, and reach tables and other areas of the restaurant. This can be especially important for individuals who use wheelchairs or other mobility devices, as they may have difficulty navigating in tight or crowded spaces.

24.     The restrooms are also not accessible to Plaintiff because, among other reasons, they are too small.

25.     It is important that a restaurant bathroom is not too small for a wheelchair because it allows individuals with disabilities to use the bathroom safely and comfortably. A small bathroom may not have enough room for a person in a wheelchair to maneuver, which can make it difficult or impossible for them to use the bathroom. This can be a major inconvenience and can make it difficult for individuals with disabilities to enjoy the restaurant. Additionally, a small bathroom can also be a safety hazard, as there may not be enough space for a person in a wheelchair to turn around or reach the fixtures.

26.     Mimosa House and the Property are open to the public, intended for non-residential use, and affect commerce.

27.     Mimosa House and the Property are public accommodations and business establishments.

28.     The Property is believed to have undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

29.     Because of barriers at the Property, Plaintiff's access to the facilities and services at the Property and Mimosa House was hampered, causing him difficulty, discomfort, and embarrassment.

30.     Plaintiff's lives near the area where the Property is located.

31.     Plaintiff would like to return to the Mimosa House and eat there when it is accessible for him, but is hesitant to return so long as the barriers to his access exist.

32.     Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

## **FIRST CAUSE OF ACTION**

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

Against all Defendants

33.     Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

34.     Defendants have denied Plaintiff full and equal enjoyment and use of the goods,

services, facilities, privileges, and accommodations of Defendants' Property and Mimosa House.

<u>Failure to Remove Architectural Barriers at an Existing Property</u>

35.    Defendants have failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

36.    For those barriers where it is not reasonably achievable to remove them, if any, Defendants have failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

<u>Failure to Design and Construct an Accessible Property</u>

37.    The improvements on the Property and where Mimosa House is located are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

38.    Defendants violated the ADA by failing to design and construct the facilities on the Property and at Mimosa House in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

<u>Failure to Make an Altered Facility Accessible</u>

39.    Plaintiff believes and alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

40.    The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

41.    Defendants altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

<u>Failure to Maintain Accessible Features</u>

42.    Defendants violated the ADA by failing to maintain in operable and working condition those features of the Property that are required to be readily accessible to and be usable by persons with disabilities.

43.    Defendants' failure in maintaining the Property in an accessible condition was not an

isolated or temporary interruption in service or access due to maintenance or repairs.

44. The configuration and condition of Defendants' Property denied Plaintiff a public accommodation due to Plaintiff's disability.

45. It is readily achievable for Defendants to remove the architectural barriers.

46. Defendants do not have any legitimate business justification to excuse the condition and configuration of the Property.

47. Defendants' violations are the cause of suffering for Plaintiff.

48. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

Against all Defendants

49. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

50. As described above, Defendants intentionally discriminated against Plaintiff during his visit to the Property.

51. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

52. Defendants' acts and omissions are in violation of the Unruh Civil Rights Act, and have denied to Plaintiff his rights to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

53. Plaintiff was harmed. Defendants' conduct caused Plaintiff's harm.

54. As a result of the violation of Plaintiffs civil rights, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

55. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

56. Although Plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, Plaintiff does not value this modest physical personal injury greater than the amount of the statutory damages.

<u>**PRAYER**</u>

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease their discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52 and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: January 30, 2023                    Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff